IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE LOPEZ AND CARMEN LOPEZ,<br><br>             Plaintiffs,<br><br>      v.<br><br>WACHOVIA MORTGAGE, WORLD SAVINGS BANK, COMSTOCK MORTGAGE, DAVID MENDOZA, ADRIAN DEL RIO, and Does 1 through 20 inclusive,<br><br>             Defendants.<br>_____/ | Case No. 2:09-CV-01510-JAM-DAD<br><br><u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS</u> |

This matter comes before the Court on Defendants Comstock Mortgage ("Comstock"), David Mendoza ("Mendoza") and Adrian Del Rio's ("Del Rio)(collectively "Defendants'") Motion to Dismiss Counts 4, 8, and 9 of Plaintiffs Steve Lopez and Carmen Lopez's (collectively "Plaintiffs')First Amended Complaint("FAC") for

1

failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs obtained an adjustable rate mortgage loan to finance their residential property located at 10398 Christo Way, Elk Grove, CA ("subject property"). Defendants Mendoza and Del Rio, employees of Defendant Comstock, solicited Plaintiffs and acted as brokers to obtain a loan from World Savings in June 2006. The terms of the loan were memorialized in the promissory Note which was secured by a Deed of Trust on the subject property.  At some point subsequent to closing, non-judicial foreclosure proceedings were instituted.

Plaintiffs allege that Defendants, acting as mortgage brokers, misrepresented the terms of the loan and the costs of monthly payments, made promises to Plaintiffs that they would get Plaintiffs the best loan and would refinance if necessary, and placed Plaintiffs in a adjustable rate loan despite Plaintiffs' good credit score and request for a fixed rate 30 year loan, for purposes of personal financial gain.

//

//

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

II. OPINION

A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Sheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Sherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F. 2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence

Capital, L.L.C. v. Aspeon, Inc., 316 F. 3d 1048, 1052 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. Accordingly, a court should grant leave to amend the Complaint unless the futility of amendment warrants dismissing a claim with prejudice.

1. Violation of Real Estate Settlement Procedures Act, Fourth Cause of Action

   Plaintiffs allege that Defendants violated the Real Estate Settlement Procedures Act, ("RESPA"), 12 U.S.C. §2605 et seq., at the closing of the loan by, "failing to correctly and accurately comply with disclosure requirements provided therein." FAC ¶81. Plaintiffs do not specify what provision of RESPA was allegedly violated nor do they allege facts regarding what Defendants did to violate RESPA.

   In the Opposition, Plaintiffs raise for the first time the allegations that Defendants specifically violated RESPA section 2603, which requires lenders or their brokers to provide borrowers an itemized list of charges, and that Defendants may have received "kickbacks" or disproportionate referral fees in violation of RESPA section 2607(a). The Court will not consider these new allegations as they were not raised in the FAC. "The focus of any Rule 12(b)(6) dismissal . . .is the complaint. This

precludes the consideration of new allegations that may be raised in plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6)." Cordell v. Tilton, 515 F. Supp. 2d 1114, 1128 (S.D. Cal. 2007)(internal citations omitted). Accordingly, as Plaintiffs' FAC fails to plead the RESPA cause of action with, "enough facts to state a claim to relief that is plausible on its face" Twombly, 550 U.S. at 570, the cause of action is dismissed with leave to amend.

2. Breach of Contract, Eighth Cause of Action

"To state a claim for breach of contract, a plaintiff must allege the following essential elements: "(1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." Westways World Travel v. AMR Corp., 182 F. Supp. 2d 952, 963 (C.D. Cal. 2001)(quoting Reichert v. General Ins. Co. of America, 68 Cal. 2d 822, 830 (1968)).

Plaintiffs allege that, "Plaintiffs entered into an agreement with Defendants . . . whereby Defendants promised to provide the Plaintiffs with an affordable loan. Plaintiffs fully performed their duties under the contract with Defendants . . . " FAC ¶¶ 110-111. Plaintiffs further allege that Defendants breached their agreement with Plaintiffs by failing to provide Plaintiffs with an affordable loan, failing to obtain payment

and interest rates as promised, failing to submit an accurate loan application, failing to supervise, failing to provide loan documents for Plaintiffs' review prior to closing, failing to explain the loan documents to Plaintiffs, and failing to refinance the mortgage as promised. FAC ¶112. Plaintiffs allege that they have suffered various damages, to be proven at trial. These allegations sufficiently plead the existence of a contract for purposes of deciding a motion to dismiss under federal pleading requirements.

Defendants argue that if there was an oral agreement or contract, an action for breach of contract would be time barred. A district court may grant a motion to dismiss on statute of limitations grounds "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Morales v. City of Los Angeles, 214 F. 3d 1151, 1153 (9th Cir. 2000) (quoting TwoRivers v. Lewis, 174 F. 3d 987, 991 (9th Cir. 1999)). "Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss ... if equitable tolling is at issue." Huynh v. Chase Manhattan Bank, 465 F. 3d 992, 1003-04 (9th Cir. 2006) (citing Supermail Cargo, Inc. v. United States, 68 F. 3d 1204, 1206 (9th Cir. 1995)); see Cervantes v. City of San Diego, 5 F. 3d 1273, 1276 (9th Cir. 1993) (providing

that the application of the equitable tolling "is not generally amenable to resolution on a Rule 12(b)(6) motion").

Here, Plaintiffs incorporated by reference the allegation that, "The misrepresentations and allegations stated herein were all discovered within the past year such that any applicable statutes of limitations are extended or should be extended pursuant to the equitable tolling doctrine or other equitable principles." FAC ¶47. Accordingly, the motion to dismiss the breach of contract claim is DENIED.

3. <u>Breach of the Implied Covenant of Good Faith and Fair Dealing, Ninth Cause of Action</u>

"Generally, every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." <u>Pagtalunan v. Reunion Mortgage Inc.</u>, 2009 WL 961995, at *2 (N.D. Cal. April 8, 2009). Additionally, "The covenant 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.' <u>Coyotzi v. Countrywide Financial Corporation</u>, 2009 W.L. 2985497, *7 (E.D. Cal. Sept. 16, 2009) (quoting <u>Agosta v. Astor</u>, 120 Cal.App.4th 596, 607 (2004)) (internal citations omitted.)

Plaintiffs bring this claim against the Defendants Comstock, Mendoza and Del Rio who are parties to this motion, as

well as other defendants who are not parties to the instant motion. Plaintiffs make broad allegations, fail to distinguish which defendants took which actions that allegedly breached the implied covenant of good faith and fair dealing, and refer to, "the contract at issue in this action," FAC ¶116, without specifying whether they are referring to a contract with Defendants Comstock, Mendoza and Del Rio, or a contract with the other defendants in the case.

In their Opposition Plaintiffs allege, for the first time, that they are basing this cause of action on the contract with Defendants Comstock, Mendoza and Del Rio alleged in the previous breach of contract claim, and that Defendants Comstock, Mendoza and Del Rio breached the implied covenant of good faith and fair dealing by engaging in self dealing. As previously explained, in a 12(b)(6) motion to dismiss, the sufficiency of the pleadings in the FAC are at issue, and the Court will not consider new allegations raised in the Opposition. Accordingly, the cause of action for breach of the implied covenant of good faith and fair dealing is dismissed with leave to amend.

## III. ORDER

For the reasons set forth above, Defendants' motion to dismiss is GRANTED WITHOUT PREJUDICE for the fourth and ninth causes of action, and DENIED for the eighth cause of action.

Plaintiffs shall have twenty (20) days from the date of this order to file a second amended complaint.

IT IS SO ORDERED.

Dated: October 14, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE