IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE LOPEZ and CARMEN LOPEZ,

        Plaintiffs,

   v.

WACHOVIA MORTGAGE; WORLD SAVINGS BANK; COMSTOCK MORTGAGE; DAVID MENDOZA; ADRIAN DEL RIO and DOES 1-20 inclusive,

        Defendants.

_____/

Case No. 2:09-CV-01510-JAM-DAD

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant Wachovia Mortgage's, formerly known as World Savings Bank,("Defendant's") Motion to Dismiss Plaintiffs' Steve Lopez and Carmen Lopez' ("Plaintiffs'") First Amended Complaint ("FAC"), for failure to state a claim pursuant to Federal Rule of Civil Procedure

1

12(b)(6). Plaintiffs oppose the motion.[1] Defendant also brings a Motion to Strike Portions of the FAC, pursuant to Federal Rule of Civil Procedure 12(f), which Plaintiffs oppose. Both Plaintiffs and Defendant request the court take judicial notice of certain documents related to the loan transaction. Plaintiffs dispute Defendant's request for judicial notice of one document.

I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

In June 2006, Plaintiffs obtained an adjustable rate mortgage loan to refinance their residential property located at 10398 Christo Way, Elk Grove, CA ("subject property"). The terms of the loan were memorialized in the promissory Note which was secured by a Deed of Trust on the subject property. The lender was World Savings Bank, renamed and now known as Wachovia. Plaintiffs allege that they did not receive required disclosures, that disclosures were not clear, and that the mortgage brokers (not parties to this motion), misled them regarding the terms of the loan.

Plaintiffs defaulted on the loan in February 2009. Accordingly, in March 2009, Defendant notified Plaintiffs of its intent to foreclose. In April 2009, Plaintiffs sent Defendant a Qualified Written Request ("QWR") under the Real Estate

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

Settlement Procedures Act, ("RESPA"), 12 U.S.C. §2605 et seq., including a demand to rescind the loan under a provision of the Truth in Lending Act, ("TILA"), 15 U.S.C. §1601, et seq. Plaintiffs bring the present lawsuit alleging violations of state and federal law.

On October 15, 2009 the Court granted in part and denied in part a Motion to Dismiss the FAC filed by Wachovia Mortgage's co-defendants in this action. (Docket #39) In response to the Court's Order, Plaintiffs filed a Second Amended Complaint. (Docket #40) For the reasons set forth below, Plaintiffs are ordered to file a Third Amended Complaint within twenty (20) days of the date of this Order.

## II. OPINION

A.  Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Sheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Sherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F. 2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F. 3d 1048, 1052 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. Accordingly, a court should grant leave to amend the Complaint unless the futility of amendment warrants dismissing a claim with prejudice.

In general, a court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. Anderson v. Angelone, 86, F. 3d 932, 934 (9th Cir. 1996). The court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint and their authenticity is not disputed. See Branch v. Tunnell, 14 F.

3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F. 3d 1119 (9th Cir. 2002). Here, Plaintiffs referenced various loan documents in the FAC, which are included in Plaintiffs' and Defendant's requests for judicial notice. Plaintiffs dispute the authenticity of one document in Defendant's request for judicial notice. (Request for Judicial Notice, Ex. E) Accordingly, the Court has considered all of the documents except Defendant's Exhibit E.

B. Federal Causes of Action

1. Violation of the Truth in Lending Act, First Cause of Action

Plaintiffs allege that Defendant violated the Truth in Lending Act, ("TILA"), 15 U.S.C. §1601 et seq., and seek damages and rescission. Defendant's alleged violations include failing to provide required disclosure, failing to make required disclosure clearly and conspicuously in writing, failing to timely deliver to Plaintiffs required notices, placing terms prohibited by TILA into the transaction, and failing to disclose all finance charge details.

An action for damages under TILA must be brought within one year of the violation. 8 U.S.C. §1640(e). A TILA violation occurs on "the date of consummation of the transaction," King v. California, 784 F. 2d 910, 915 (9th Cir. 1986), and "consummation" means "the time that a consumer becomes

contractually obligated on a credit transaction." 12 C.F.R. §226(a)(13). Accordingly, Defendant argues that the claim for damages is time barred. The doctrine of equitable tolling, however, may "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F. 2d at 915.

Here, Plaintiffs consummated their loan in June 2006, but their complaint was not filed until May 25, 2009, well over a year after the consummation of the transaction. The FAC alleges that "The misrepresentations and allegations stated herein were all discovered within the past year such that any applicable statutes of limitations are extended or should be extended pursuant to the equitable tolling doctrine or other equitable principles." FAC ¶47. Beyond this conclusory statement, the FAC does not contain any relevant dates or similar information to provide a basis from which to allege equitable tolling. See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Accordingly, Plaintiffs' TILA claim for damages is dismissed, with leave to amend.

Plaintiffs also bring a claim for rescission under TILA. Plaintiffs contends that as a result of Defendant's failure to

provide the required disclosures, Plaintiffs have a continuing right to rescind the loan under TILA. Defendant argues that Plaintiffs' claim for rescission should be dismissed because Plaintiffs do not allege their ability to tender the full amount of the loan.

The Ninth Circuit has held that rescission under TILA "should be conditioned on repayment of the amounts advanced by the lender." <u>Keen v. American Home Mortgage Servicing Inc. et al.</u>, 2009 WL 3380454 at *4 (E.D. Cal. Oct. 21, 2009) (quoting <u>Yamamoto v. Bank of N.Y.</u>, 329 F. 3d 1167, 1170 (9th Cir. 2003)). Additionally, the Ninth Circuit has explained that prior to ordering rescission based on a lender's alleged TILA violations, a court may require borrowers to prove ability to repay loan proceeds, and "there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted. . . the court does not lack discretion to do before trial what it could do after." <u>Garza v. American Home Mortgage</u>, 2009 WL 188604 at *4(E.D. Cal. Jan. 27, 2009)(quoting <u>Yamamoto</u>, 329 F. 3d at 1173).

The court in <u>Keen</u> noted that a number of California district courts have required plaintiffs to plead facts demonstrating ability to tender the loan principal in order to withstand a 12(b)(6) motion to dismiss and proceed with a claim

for rescission under TILA. Id. at *4-5.(Citing Garza, 2009 WL 188604; Serrano v. Sec. Nat'l Mortg Co., 2009 U.S. Dist. LEXIS 71725 (S.D. Cal. Aug. 14, 2009); Pesayco v. World Say Inc., 2009 U.S. Dist. LEXIS 73299 (C.D. Cal. July 29, 2009).

Here, Plaintiffs' claim under TILA for rescission fails because the FAC contains no allegations that Plaintiffs are able to tender the full amount of the loan principal. Accordingly, Plaintiffs' claim for rescission under TILA is dismissed, with leave to amend.

2. <u>Violation of the Real Estate Settlement Procedures Act, Fourth Cause of Action</u>

Plaintiffs allege that Defendant violated RESPA, 12 U.S.C. §2605 et seq., by failing to make correct disclosure requirements, failing to respond to Plaintiffs' QWR, and "engaging in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions as set forth in 12 U.S.C. §2605." FAC 83. Defendant argues that Plaintiffs failed to state a claim under RESPA because the FAC did not specify what provision of RESPA was violated. In the Opposition, Plaintiffs allege violation of section 2605(e)(2), (failure to respond to the QWR), violation of 2607 (receiving kickbacks) and violation of 2603(b) (failure to provide an itemized list of charges before closing).

There is no private right of action for violations of §2603(b). "RESPA provides for a private right of action for claims brought under sections 2605, 2507 and 2608 only." Brittain v. Indymac Bank, FSB, 2009 WL 2997394 at *2 (N.D. Cal. Sept. 16, 2009). Neither sections 2605, 2607 or 2608 pertain to disclosure requirements at closing, and courts have refused to infer a private right of action under other sections of RESPA. Id. Accordingly, Defendant's motion to dismiss with respect to the section 2603(b) claim is GRANTED WITH PREJUDICE.

Additionally, the Court will not consider the new allegations raised in the Opposition regarding kickbacks in violation of §2607. "The focus of any Rule 12(b)(6) dismissal. . . is the complaint. This precludes the consideration of new allegations that may be raised in plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6)." Cordell v. Tilton, 515 F. Supp. 2d 1114, 1128 (S.D. Cal. 2007)(internal citations omitted).

However, Plaintiffs have stated a claim for violation of section 2605(e)(2), and allege damages resulting from this violation. 12 U.S.C. §2614 provides a three year statute of limitations for violations of §2605. The alleged violation occurred following Plaintiff's April 2009 QWR, thus the action is not time barred. Accordingly, Defendant's motion to dismiss

Plaintiffs' claim for violation of RESPA section 2605(e)(2) and damages is DENIED.

C. State Law Claims

1. Second, Third, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action

Plaintiffs bring seven state law claims: Violation of California Rosenthal Act, Negligence, Breach of Fiduciary Duty, Fraud, Violation of California Business & Professions Code §17200, et seq., Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing. Defendant is a federally regulated savings bank, subject to the regulations of the Office of Thrift Supervision ("OTS") and operated under the laws of the Home Owner's Loan Act, 12 U.S.C. §1461, et seq. ("HOLA"). Therefore, Defendant argues that all of Plaintiffs' state law claims are preempted by HOLA.

Through HOLA, Congress gave the OTS broad authority to issue regulations governing federal savings associations. 12 U.S.C. §1464. Furthermore, 12 C.F.R. §560.2 sets forth regulations governing OTS preemption. Section 560.2(a) states that "OTS hereby occupies the entire field of lending regulation for federal savings associations...".  Section 560.2(b) lists the numerous areas of state law that are preempted, including all state laws that impose requirements on federal savings banks

regarding terms of credit, interest rates, amortization, payments due, loan-related fees, disclosures and advertising, and the processing, origination, and servicing of mortgages. Additionally, section 560.2(c) provides that state contract, commercial, real property and tort law are not preempted, "to the extent that they only incidentally affect the lending operations of federal savings associations or are otherwise consistent with the purposes [of the regulations]." Although it is generally presumed that Congress does not intend to preempt state law absent a clear manifestation of intent to the contrary, that presumption is not applicable to the field of lending regulation of federal savings associations. <u>Naulty v. Greenpoint Mortgage Funding, Inc.</u>, 2009 WL 2870620 at *3 (N.D. Cal. Sept. 3, 2009)(citing <u>Silvas v. E*Trade Mortgage Corp.</u>, 514 F. 3d 1001,1004 (9th Cir. 2008).

OTS set out a three step process for determining preemption under HOLA. "When analyzing the status of state laws under §560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit

within the confined of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption." OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996). This agency interpretation of its own regulation is controlling. Silvas 514 F. 3d at 1005 (internal citations omitted).

Applying this three step test to Plaintiffs' state law claims, all seven claims are preempted by HOLA because each cause of action is based upon allegations pertaining to Defendant's lending operations. Plaintiffs make allegations regarding the terms of credit provided by Defendant, disclosures that were or were not provided by Defendant, Defendants' underwriting standards, and Defendant's marketing and servicing of the loans. "These activities are matters committed by Congress to regulation by a federal agency." Naulty 2009 WL 2870620 at *4 (holding that state law claims for negligence, breach of contract, breach of fiduciary duty, fraud, and breach of the state deceptive advertising and unfair business practice laws were preempted by HOLA). Accordingly, the Court dismisses with prejudice the second, third, fifth, sixth, seventh, eighth and ninth state law causes of action.

D. Motion to Strike

Defendant's Motion to Strike argues that the Court should strike references to punitive damages, emotional distress damages and attorney's fees contained in the FAC. Nearly all of the paragraphs that Defendant moves to strike pertain to the state law causes of action which the Court has dismissed with prejudice as preempted by HOLA. Accordingly, the Defendant's Motion to Strike is moot with respect to striking paragraphs 68, 92, 95, 103, 114, 120, and 121 of the FAC. Additionally, Defendant moves to strike Paragraph 62 of the FAC(alleging willful, malicious and outrageous conduct with respect to TILA) and Prayer for Relief paragraph 7, requesting exemplary damages.

"Rule 12(f) provides in pertinent part that the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. . . Motions to strike are disfavored and infrequently granted. A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. . . A motion to strike may be used to strike any part of the prayer for relief when the recovery sought is unavailable as a matter of law." Bassett v. Ruggles et al., 2009 WL 2982895 at *24(E.D. Cal. Sept. 14, 2009)(internal citations omitted).

Because the Court is allowing leave to amend with respect to the TILA claim for damages, paragraph 62 may still have bearing on the subject matter of the litigation. Additionally, as the Court is denying Defendant's motion to dismiss the RESPA QWR claim, prayer for relief paragraph 7 may still be relevant. Both RESPA section 2605 and TILA section 1640 allow for limited exemplary damages in certain cases where a pattern or practice, or multiple violations, can be established, therefore the prayed for remedy may still be available as a matter of law. Accordingly, Defendant's Motion to Strike is DENIED with respect to striking FAC paragraph 62 and prayer for relief paragraph 7.

### III. ORDER

For the reasons set forth above, Defendant's motion to dismiss is hereby GRANTED in part and DENIED in part.

- Dismissal of the TILA claim for damages and rescission is GRANTED WITHOUT PREJUDICE.
- Dismissal of the RESPA claims for violation of section 2603(b) is GRANTED WITH PREJUDICE.
- Dismissal of the RESPA claim for violation of section 2605(e)(2)is DENIED.
- Dismissal of the state law causes of action is GRANTED WITH PREJUDICE.

- Defendant's Motion to Strike is dismissed as moot with respect to striking FAC paragraphs 68, 92, 95, 103, 114, 120, and 121. With respect to striking FAC paragraph 62 and prayer for relief paragraph 7, the Motion to Strike is DENIED.

Plaintiffs shall have twenty (20) days from the date of this order to file a Third Amended Complaint.

    IT IS SO ORDERED.

Dated: November 19, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE