IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE LOPEZ AND CARMEN LOPEZ,<br><br>    Plaintiffs,<br><br>    v.<br>WACHOVIA MORTGAGE individually and as Successor in Interest to WORLD SAVINGS BANK; COMSTOCK MORTGAGE; DAVID MENDOZA; ADRIAN DEL RIO and DOES 1-20 Inclusive,<br>    Defendants.<br>_____/ | Case No. 2:09-cv-01510-JAM-KJN<br><br><u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART DEFENDANT'S MOTION TO STRIKE</u> |

    This matter comes before the Court on Defendant Wachovia Mortgage's ("Defendant" or "Wachovia") Motion to Dismiss (Doc. #49) Plaintiffs Steve Lopez and Carmen Lopez's ("Plaintiffs'") eighth cause of action for violation of the Truth in Lending Act ("TILA")in the Third Amended Complaint ("TAC") (Doc. #44) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant also brings a Motion to Strike (Doc. #50) portions of the TAC pursuant to Federal Rule of Civil

Procedure 12(f).[1] Plaintiffs oppose both motions and request an opportunity to file a fourth amended complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2006, Plaintiffs obtained an adjustable rate mortgage loan to finance purchase of their residential property located at 10398 Christo Way, Elk Grove, CA ("subject property"). The terms of the loan were memorialized in the promissory Note which was secured by a Deed of Trust on the subject property. The lender was World Savings Bank, renamed and now known as Wachovia. Plaintiffs allege that they did not receive required disclosures, that disclosures were not clear, and that the mortgage brokers misled them regarding the terms of the loan.

Plaintiffs defaulted on the loan in February 2009. Accordingly, in March 2009, Defendant notified Plaintiffs of its intent to foreclose. In April 2009, Plaintiffs sent Defendant a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act, ("RESPA"), 12 U.S.C. §2605 et seq., including a demand to rescind the loan under a provision of the TILA, 15 U.S.C. §1601, et seq.

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

2

Plaintiffs bring the present lawsuit alleging violations of state and federal law. On October 15, 2009 the Court granted in part and denied in part a Motion to Dismiss the First Amended Complaint ("FAC") filed by Wachovia Mortgage's co-defendants in this action. (Doc. #39). In response to that Order, but prior to the Court deciding Defendant Wachovia Mortgage's Motion to Dismiss, Plaintiffs filed a Second Amended Complaint ("SAC"). (Doc #40). On November 20, 2009, Defendant Wachovia Mortgage's Motion to Dismiss Plaintiffs' SAC was granted, and Plaintiffs were given the opportunity to file a TAC. (Doc # 41). The TAC superseded the SAC and is now the operative complaint at issue in the present order.

## II. OPINION

A. <u>Legal Standard</u>

  1. <u>Motion to Dismiss</u>

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), overruled on other grounds by <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). Assertions that

are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, and it is inappropriate to "assume that the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2002). Accordingly, a court should grant leave to amend the Complaint unless the futility of amendment warrants dismissing a claim with prejudice.

2.  <u>Request for Judicial Notice</u>

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. <u>Sherman v. Stryker Corp.</u>, 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (internal citations omitted). There are two exceptions: when material is attached to the complaint or relied on by the complaint, or when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. <u>Id</u>.

Defendant requests the Court take judicial notice of five exhibits. The exhibits are loan-related documents which are either matters of public record or are relied upon in the TAC. Plaintiffs do not challenge the authenticity of these exhibits. However, Plaintiffs do object to the Court noticing Defendant's summary of the exhibits. Accordingly, the Court takes only the exhibits into consideration and disregards Defendant's summary.

B.  <u>Defendant's Motions to Dismiss</u>

Defendant moves to dismiss the only claim asserted against it by Plaintiffs, a violation of TILA. Plaintiffs have conceded that their loan does not qualify for rescission under TILA, therefore Plaintiffs' request for TILA rescission is dismissed, with prejudice. Plaintiffs' claim for TILA damages against Defendant is also dismissed with prejudice because as Defendant

correctly asserts, Plaintiffs' TAC fails to cure the defects discussed in this Court's November 11, 2009, Order.

TILA Claim Is Time Barred

An action for damages under TILA must be brought within one year of the violation. 8 U.S.C. §1640(e). A TILA violation occurs on "the date of consummation of the transaction," King v. California, 784 F.2d 910, 915 (9th Cir. 1986), and "consummation" means "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. §226(a)(13). The doctrine of equitable tolling, however, may "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F. 2d at 915.

This Court's previous Order warned Plaintiffs that they had not pled facts sufficient to allow equitable tolling to apply. Plaintiffs added two paragraphs to the TAC in an attempt to create a basis for equitable tolling. (Doc. #44, ¶¶ 137, 138). However, as the Defendant points out, Plaintiffs' conclusory allegations do not meet the minimal pleading requirements to withstand a 12(b)(6) motion. Plaintiffs claim they were "prevented from discovering" the lack of proper disclosures until foreclosure of their home was threatened, that facts

surrounding the loan "were purposefully hidden," and that limited facts have been "discovered within the past year," tolling the statute of limitations. Plaintiffs' statements are vague and do not provide facts allowing the Court to find the claims even plausible. This Court finds that providing Plaintiffs a fifth opportunity to amend the complaint would be futile. Accordingly, Plaintiffs' claim for TILA damages is dismissed with prejudice.

C.  Defendant's Motion to Strike

Defendant moves to strike paragraphs 43, 57, 124, 127, and 128, and a portion of paragraph 98, from the TAC. For the foregoing reasons, Defendant's motion to strike is granted in part and denied in part.

Plaintiffs do not oppose Defendant's motion as to paragraphs 57 and 98. Accordingly, paragraph 57 will be stricken and paragraph 98 will no longer include the language "rescission of the loan."

Defendant argues that paragraphs 43, 124, 127, and 128 should be stricken from the TAC because they contain allegations that were not previously pled in Plaintiffs' First Amended Complaint ("FAC"). In granting leave to amend the complaint, the Court did not authorize Plaintiffs to include new allegations of RESPA violations in the TAC, and therefore, according to

Defendant, the paragraphs must be removed from the TAC. Plaintiffs argue that the references deal with RESPA section 2605, and therefore should not be stricken from the complaint.

The allegations at issue were added to Plaintiffs' RESPA claim, which was a claim that the Court did not dismiss. When the Court granted leave to amend the FAC, it was the Court's intention to grant Plaintiffs leave to amend only those claims that had been dismissed without prejudice. It was not the Court's intention to allow Plaintiffs to amend the RESPA claim that was not dismissed. However, this matter is still in the early pleading stages, and Defendants have not shown that they are prejudiced by the added allegations. Accordingly, paragraphs 43, 124, 127, and 128 will not be stricken from the TAC.

D. <u>Plaintiffs' Request to File a Fourth Amended Complaint</u>

As part of Plaintiffs' Opposition to the Motion to Dismiss, Plaintiffs request leave to file a Fourth Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a). Plaintiffs attached a proposed Fourth Amended Complaint, which contains only TILA and RESPA claims against all defendants.

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend its pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires. Additionally, in

this case a Pre-Trial Scheduling Order has been issued (Doc. #38), which states that no further amendment of the pleadings is allowed without good cause and leave of the Court.

Defendant opposes Plaintiffs' request to file a Fourth Amended Complaint, pointing out that Plaintiffs have now had numerous opportunities to plead their claims. In this case, the Fourth Amended Complaint would be Plaintiffs' fifth attempt to plead their claims. Defendant has had to expend time and resources defending itself against each amended complaint. The Court finds that Plaintiffs have not shown good cause to file a Fourth Amended Complaint. Indeed, the Court notes that the proposed Fourth Amended Complaint contains a TILA rescission claim, one that Plaintiffs have already conceded is not a valid claim. Accordingly, Plaintiffs' request to file a Fourth Amended Complaint is denied. The TAC will remain the operative complaint in this case.

## III. ORDER

As set forth above, it is hereby ordered that Defendant's Motion to Dismiss is GRANTED, WITH PREJUDICE. Defendant's Motion to Strike is GRANTED in part and DENIED in part. Paragraph 57 and the words "rescission of the loan" from paragraph 98 shall be stricken. Paragraphs 43, 124, 127, and 128 shall not be

9

stricken from the TAC. Plaintiffs request to file a Fourth Amended Complaint is DENIED.

    IT IS SO ORDERED.

Dated: June 3, 2010

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE